IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

K.W., *et al.*,

                    Plaintiff,                                                    ORDER

        v.
                                                                          21-cv-634-wmc

SCHOOL DISTRICT OF SOMERSET,

                    Defendant.

_____

On July 26, 2022, the court held a telephonic hearing on plaintiffs' motion to compel discovery (dkt. 18) and the competing motion by defendant School District of Somerset (SDS) for protection from specified discovery requests. (Dkt. 24).  In discussion with the parties and for the reasons stated during the hearing, the court denied plaintiffs' motion with one exception and granted defendant's motion with the same exception.

Plaintiffs' motion asked the court to compel complete responses to their Interrogatories 1 through 5 and Requests for Production (RFPs) 6, 8, 9 and 10.  Those discovery requests (and defendant's responses) are set forth in dkt. 20-1.  Here is a synopsis:

**Int. 1:** All information regarding any complaints to a teacher or administrator about race discrimination or harassment at SDS from 2012 through June 30, 2021.

**Int. 2:** All information regarding any SDS investigations of complaints related to race discrimination or harassment from 2012 through June 30, 2021.

**Int. 3:** All information regarding any SDS investigations of complaints related to the Confederate flag from 2012 through June 30, 2021.

**Int. 4:** All information regarding any SDS investigations of complaints related to bullying from 2012 through June 30, 2021.

**Int. 5:** Identify everyone who reviewed, discussed, was aware of, or had knowledge of race discrimination or harassment complaints made  from 2012 through June 30, 2021.

**RFP 6:** For any complaint or investigation identified in plaintiffs' discovery requests that resulted in no discipline or punishment, produce all documents referring or relating to why no discipline or punishment was imposed.

**RFPs 8, 9 and 10:** All documents except medical information about B.S., H.T.
and T.M., including their disciplinary files and the names and addresses of their
parents.[*These are the students identified as having racially harassed the plaintiffs*].

At the hearing, the court ruled that nothing in plaintiffs' Interrogatories 1 through 5 or
in RFP 6 is discoverable.  In response to plaintiffs' RFPs 8, 9 and 10, the court ruled that SDS
must review the records of B.S., H.T. and G.M. and then submit to the court for in camera
review all information regarding any incidents of racial harassment, regardless of when it
occurred or against whom it was directed.  If the court determines that this information is
relevant to showing that SDS employees had knowledge of racial harassment incidents by any
of these three apart from their harassment of plaintiffs, then the court will order this information
disclosed to plaintiffs pursuant to the process required by FERPA.

These rulings had the effect of essentially granting SDS's motion for protection with the
exception of the student records review.

As stated at the hearing, these rulings are based on the court's view that the Court of
Appeals has inferentially tightened up the elements of a Title VI claim in its *en banc* Title IX
decision in *C.S. v. Madison Metropolitan School District*, 34 F.4th 536 (7th Cir. 2022)(*en banc*).
Plaintiffs must show that the school district had actual knowledge that the plaintiffs were
subjected to racial discrimination and then shirked its responsibilities under Title VI. *Id.* at 541,
544-45.  As a result, evidence that district employees were aware of racial harassment against
other students, or were aware of a racially hostile environment at school is not relevant to
whether the school district's employees had actual knowledge that the *plaintiffs* were subjected
to racial discrimination.

True, some Title VI and Title IX cases refer to hostile school environments being
actionable, but in context, the courts are addressing the environment that actually confronted
the *plaintiff* and about which the school officials were aware *vis-à-vis* that student.  *See, e.g., Doe
v. Galster*, 768 F.3d 611, 617-19 (7th Cir. 2014)(the cumulative effects of student abuse directed
against plaintiff were comparable to harassment found in rare cases to be sufficiently severe
under Title VI and Title IX); *Zeno v. Pine Plains Central School District*, 702 F.3d 655, 665-66 (2nd
Cir. 2012), quoting *Hayut v. SUNY*, 352 F.3d 733, 750 (2nd Cir. 2003) (in Title IX case,
misconduct against plaintiff that created a disparately hostile educational environment relative

to her peers that could be construed as depriving her of the benefits and educational opportunities available at the school).  Put another way, it is not relevant to plaintiffs' Title VI claims that SDS employees were aware of, had responded to, or had failed to respond to other incidents of racial harassment, bullying, or the Confederate flag that did not involve the plaintiffs.  Therefore, plaintiffs are not entitled to discovery on these issues.

This is so regardless of the burden of production that responding would place on SDS, but SDS's averment that compliance would take at least 150 hours of staff time also militates against granting plaintiffs' discovery requests as they are currently framed.

## ORDER

It is ORDERED that

(1) Plaintiffs' motion to compel discovery (dkt. 18) is DENIED with the one exception specified at the July 26, 2022 hearing and in this order; and

(2) Defendant's motion for a protective order (dkt. 24) is GRANTED with the one exception specified at the July 26, 2022 hearing and in this order.

Entered this 27th day of July, 2022.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge